IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IRINA GRONHOLZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL NO. 2:07 CV 499 |
| v. | § | |
| | § | |
| COLLIN HOSPITALITY, L.P. | § | |
| d/b/a HAMPTON INN | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Change of Venue for Convenience of Witnesses, Parties and in the Interest of Justice; or, in the Alternative, Motion to Dismiss ("the Motion") (Dkt. # 8). In the Motion, Defendant Collin Hospitality moves the court for an intradistrict transfer to the Eastern District of Texas, Sherman Division pursuant to 28 U.S.C. § 1404(a). After considering the filings of the parties and the applicable law, the court DENIES the Motion for the reasons expressed below.

**I.      Factual Background**

The plaintiff brought this action on November 13, 2007. The plaintiff, Irina Gronholz ("Gronholz"), was formerly employed at the defendant's hotel in Plano, Collin County, Texas. Gronholz filed this Title VII Civil Rights Act case asserting she was terminated from her employment because of her sex and because she was pregnant. Gronholz resides in Wylie, Texas, and the acts giving rise to this action occurred at the defendant's hotel in Plano, Texas. Gronholz filed this suit in the Marshall Division of the Eastern District of Texas, which is approximately 180

miles from Sherman, Texas.

## II. Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676. The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of

demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676.

    A.    *Convenience Factors*

### 1. The plaintiffs' choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff chose to bring this suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

### 2. The convenience of parties and material witnesses

The court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the plaintiff resides in Wylie, Texas, which is approximately 52 miles from the Sherman Division, and 162 miles from the Marshall Division. The defendant is located in Plano Texas, approximately 45 miles from the Sherman Division, and 160 miles from the Marshall division. The plaintiff presumably will not be inconvenienced as she filed this action in Marshall. The defendant, however, may be marginally more inconvenienced. This portion of the analysis only slightly weighs in favor of transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775

(quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)). The defendant has failed to identify any *key* fact witnesses that will be substantially inconvenienced if the court denies transfer. Therefore this factor weighs against transfer.

### 3. The place of the alleged wrong

The incidents giving rise to this action occurred in Plano, not Sherman. The court finds that this factor is neutral as to transfer.

### 4. The cost of obtaining the attendance of witnesses and the availability of compulsory process

The defendant has not identified any non-party witnesses that it expects to call at trial. This factor, therefore, is not applicable in this transfer analysis.

### 5. The accessibility and location of sources of proof

The court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage. *Mohamed*, 90 F. Supp. 2d at 778. The employment records that will be needed at trial may be located in Plano. Because, however, the defendant seeks transfer to Sherman and not Plano, documents will have to be transported regardless of if the case is transferred. This factor is neutral as to transfer.

### 6. The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). The court is unaware of any possibility of delay or prejudice if the case

4

is transferred. This factor is neutral.

    B.    *Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

The court is not aware of any administrative difficulties flowing from the Sherman Division, but not the Marshall Division. Therefore, this factor is neutral.

### 2. The local interest in adjudicating local disputes

The plaintiff lives in Wylie, and the defendant's hotel is in Plano. The citizens of the Eastern District have an interest in adjudicating this dispute. The interest is no greater in Sherman than it is in Marshall. This factor weighs against transfer.

### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

The defendant operates hotels in the Marshall Division. In fact, there is a Hampton Inn approximately three miles from the Marshall court house. Marshall is not an unrelated forum for this case. This factor weighs against transfer.

### 4. The avoidance of unnecessary problems in conflict of laws

The court finds that this factor is inapplicable in this transfer analysis.

## III.    Conclusion

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Sherman Division is not warranted. The court finds that the competing factors do not justify a transfer. The court DENIES Defendant's Motion to Transfer Venue.

SIGNED this 9th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE